**MCGUIREWOODS LLP**
Andrew W. Russell, Esq. (SBN 280669)
Email: arussell@mcguirewoods.com
David Szwarcsztejn (SBN 272371)
Email: dszwarcsztejn@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Tel: (310) 315-8200
Fax: (310) 315-8210

Attorneys for Defendant
TEKBERRY, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHN AMATO, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TEKBERRY, Inc., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>[Alameda County Superior Court Case No. 24CV060148]<br><br>**DEFENDANT TEKBERRY, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Complaint Filed:   January 16, 2024<br>FAC Filed:   May 14, 2024<br>SAC Filed:   October 31, 2024 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant TEKBERRY, INC. ("Defendant"), by counsel, removes the above-entitled action currently pending in the Superior Court of the State of California in and for the County of Alameda (the "State Court") to the United States District Court for the Northern District of California on the ground that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of its Notice of Removal, Defendant avers as follows:

## STATE COURT ACTION

1. On or about January 16, 2024, Plaintiff William John Amato ("Plaintiff") filed a Complaint against Defendant in the State Court, styled as *William John Amato, on behalf of himself, all others similarly situated v. Tekberry, Inc., a Nevada corporation; and Does 1 through 100*, Case No. 24CV060148 (the "Original Complaint").

2. On or about January 23, 2024, Defendant's registered agent for service of process was personally served with a copy of the Summons and Complaint.

3. On March 7, 2024, Defendant filed Demurrer to the Original Complaint, asserting that Plaintiff failed to state a claim for relief because he did not plead facts sufficient to establish concrete injury-in-fact, and therefore lacked standing under California law.

4. Also on March 7, 2024, Defendant filed a Motion to Strike Portions of Plaintiff's Class Action Complaint, asserting that, to the extent the Court did not dismiss the Original Complaint, it should strike all references to a class under California's Investigative Consumer Reporting Agencies Act ("ICRAA") and all references to punitive damages under the California Consumer Credit Reporting Agencies Act (the "CCRAA").

5. On May 14, 2024, Plaintiff filed his First Amended Class Action Complaint (the "FAC," Exhibit P), alleging that Defendant's background check disclosure "inva[ded] his privacy" and made him feel "upset." (Ex. P ¶ 20.) He did not identify the specific parts of the disclosure that he believed to be problematic.

6. On June 17, 2024, Defendant filed a Demurrer to the FAC, again asserting that Plaintiff's allegations were insufficient to show a concrete injury, and he therefore lacked standing under California law.

7. The same day, Defendant filed a Motion to Strike Portions of the FAC, asserting that, to the extent the Court did not dismiss the FAC, it should strike all references to a class under the ICRAA, and all references to punitive damages under the CCRAA.

8. On October 21, 2024, the State Court issued a Final Order sustaining Defendant's Demurrer, dismissing the FAC with leave to amend, and denying the Motion to Strike without prejudice.

9. On October 31, 2024, Plaintiff filed his Second Amended Complaint (the "SAC." Exhibit HH), which is the operative Complaint. In the SAC, Plaintiff alleged for the first time that he "was harmed because his private information was obtained by Defendant unlawfully and deceptively without consent," and "[h]ad Defendant presented Plaintiff with a compliant background check authorization form that did not suffer from these numerous defects, Plaintiff may very well have elected not to provide authorization to Defendant to obtain his credit report." (Ex. HH ¶¶ 18, 21.) Further, for the first time, Plaintiff identified the supposed deficiencies in Defendant's disclosure. (*Id.* ¶¶ 15–16.)

10. True and correct copies of the Summons, Complaint, and every other process, pleading, and order served on Defendant in this action to date are attached hereto as the Exhibits identified below:

| **Exhibit** | **Document** |
|---|---|
| A | Civil Case Cover Sheet (Jan. 16, 2024) |
| B | Plaintiff's Original Complaint (Jan. 16, 2024) |
| C | Notice of Case Management Conference (Jan. 16, 2024) |
| D | Amended Summons (Jan. 19, 2024) |
| E | Proof of Personal Service (Jan. 31, 2024) |
| F | Notice of Change of Address (Feb. 28, 2024) |
| G | Notice of Change of Address (Feb. 28, 2024) |

3
**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

| | | |
|---|---|---|
| H | Tentative Ruling on Defendant's Motion for Morgan V. Maloney to be Admitted Pro Hac Vice (Apr. 24, 2024) | |
| I | Tentative Ruling on Defendant's Motion for Heidi E. Siegmund to be Admitted Pro Hac Vice (Apr. 24, 2024) | |
| J | Case Management Order (Apr. 29, 2024) | |
| K | Notice of Complex Determination Hearing (Apr. 29, 2024) | |
| L | Order Granting Defendant's Motion for Morgan V. Maloney to be Admitted Pro Hac Vice (Apr. 30, 2024) | |
| M | Order Granting Defendant's Motion for Heidi E. Siegmund to be Admitted Pro Hac Vice (Apr. 30, 2024) | |
| N | Minute Order Granting Defendant's Motion for Morgan V. Maloney to be Admitted Pro Hac Vice (Apr. 30, 2024) | |
| O | Minute Order Granting Defendant's Motion for Heidi E. Siegmund to be Admitted Pro Hac Vice (Apr. 30, 2024) | |
| P | Plaintiff's FAC (May 14, 2024) | |
| Q | Initial Case Management Conference Order (May 21, 2024) | |
| R | Minute Complex Determination Order (May 21, 2024) | |
| S | Complex Determination Order (May 21, 2024) | |
| T | Plaintiff's Opposition to Defendant's Demurrer to and Motion to Strike the FAC (July 24, 2024) | |
| U | Order Extending Page Limit for Plaintiff's Opposition to Motion to Strike the FAC (July 25, 2024) | |
| V | Minute Order Continuing Hearing on Demurrer to the FAC (Aug. 6, 2024) | |
| W | Minute Order Continuing Hearing on Motion to Strike to the FAC (Aug. 6, 2024) | |
| X | Order Continuing Hearing on Demurrer to the FAC (Aug. 6, 2024) | |
| Y | Order Continuing Hearing on Motion to Strike the FAC (Aug. 6, 2024) | |
| Z | Tentative Order on Demurrer to and Motion to Strike the FAC (Sept. 30, 2024) | |

| Exhibit | Document |
|---|---|
| AA | Minute Order Continuing Hearing on Demurrer to the FAC (Oct. 1, 2024) |
| BB | Minute Order Continuing Hearing on Motion to Strike the FAC (Oct. 1, 2024) |
| CC | Order Continuing Hearing on Demurrer to the FAC (Oct. 1, 2024) |
| DD | Order Continuing Hearing on Motion to Strike the FAC (Oct. 1, 2024) |
| EE | Tentative Order on Motion to Strike the FAC (Oct. 14, 2024) |
| FF | Tentative Order on Demurrer to the FAC (Oct. 14, 2024) |
| GG | Final Order Sustaining Demurrer to the FAC with Leave to Amend and Denying the Motion to Strike the FAC Without Prejudice (Oct. 21, 2024) |
| HH | Plaintiff's SAC (Oct. 31, 2024) |

11. The following documents are also on file in the State Court Action, copies of which are attached hereto as the Exhibits identified below:

| Exhibit | Document |
|---|---|
| II | Defendant's Demurrer to the Original Complaint (Mar. 7, 2024) |
| JJ | Defendant's Motion to Strike the Original Complaint (Mar. 7, 2024) |
| KK | Proposed Order on Demurrer to the Original Complaint (Mar. 7, 2024) |
| LL | Proposed Order on Motion to Strike the Original Complaint (Mar. 7, 2024) |
| MM | Unopposed Verified Application of Morgan V. Maloney to Appear as Counsel Pro Hac Vice (Apr. 3, 2024) |
| NN | Proposed Order Granting Unopposed Verified Application of Morgan V. Maloney to Appear as Counsel Pro Hac Vice (Apr. 3, 2024) |
| OO | Unopposed Verified Application of Heidi E. Siegmund to Appear as Counsel Pro Hac Vice (Apr. 3, 2024) |
| PP | Proposed Order Granting Unopposed Verified Application of Heidi E. Siegmund to Appear as Counsel Pro Hac Vice (Apr. 3, 2024) |

| | | |
|---|---|---|
| QQ | | Joint Stipulation to Continue Case Management Conference (Apr. 29, 2024) |
| RR | | Defendant's Notice of Withdrawal of Demurrer and Motion to Strike the Original Complaint (May 22, 2024) |
| SS | | Defendant's Demurrer to the FAC (June 17, 2024) |
| TT | | Defendant's Motion to Strike Portions of the FAC (June 17, 2024) |
| UU | | Defendant's Reply in Support of Its Demurrer to the FAC (July 30, 2024) |
| VV | | Defendant's Reply in Support of Its Motion to Strike the FAC (July 30, 2024) |

## **REMOVAL JURISDICTION**

12. This court has jurisdiction under 28 U.S.C. §§ 1331, 1332, 1441(b), and 1446, and all other applicable bases for removal.

13. As required by 28 U.S.C. § 1441, Defendant removes this case to the United States District Court for the Northern District of California, which is the District Court embracing the place where the State Court Action was filed.

14. This action has not been previously removed to federal court.

15. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that a Notice of Removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based."

16. Thirty days after October 31, 2024 (the date Plaintiff served and filed the SAC) is November 30, 2024, which is a Saturday. Pursuant to Fed. R. Civ. P. 6(a)(1), Defendant's removal deadline is extended to the "next day that is not a Saturday, Sunday, or legal holiday," namely, December 2, 2024. Accordingly, Defendant has timely filed this Notice of Removal. *See, e.g.*, *Washington v. Reliance Standard Life Ins. Co.*, 2020 WL 1356159, at *1 (C.D. Cal. Apr. 16, 2020) ("Because the last day of the period for the Removal Notice fell on Sunday, February 23, 2020, the Removal Notice was timely filed in this federal court on Monday, February 24, 2020.") (collecting cases).

17. Defendant could not have removed this action based on the filing of the Original Complaint or the FAC, because, as outlined in Defendant's Demurrers to those respective Complaints, Plaintiff failed to allege a concrete injury, which is a prerequisite to standing in either California or federal court. This action first became removable upon service of the Second Amended Complaint. For this reason, this Removal Notice is timely.

18. In accordance with 28 U.S.C. § 1446(d), Defendants will provide contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

## FEDERAL QUESTION JURISDICTION

19. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it involves claims and/or issues arising in whole or in part under the Constitution, laws, or treaties of the United States.

20. The SAC involves a federal question because it involves claims and/or issues that arise under the federal Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681, *et seq.* More specifically, Plaintiff's purported **First Cause of Action** for "Violation of the Fair Credit Reporting Act – Against All Defendants" alleges that Defendant procured or caused to be prepared credit and background reports without obtaining Plaintiff's consent or providing Plaintiff and/or the putative class members with the requisite disclosures under the FCRA, 15 U.S.C. §§ 1681b(b)(2)(A), 1681d(a)(1)(B), in connection with Defendant's hiring processes.

21. This case became removable when Plaintiff filed the SAC. *See Williams v. Vitas Healthcare Corp.*, 2018 WL 7253633, at *4 (N.D. Ca. Aug. 6, 2018) ("In determining the existence of removal jurisdiction, the court must look to the complaint as of the time the removal petition was filed." (internal alterations omitted) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979)). The State Court sustained Defendant's Demurrer and dismissed the FAC because Plaintiff failed to allege facts showing a concrete injury. (Ex. GG at 1, 5–8.) In response, for the first time, Plaintiff included allegations in his SAC that (1) he "did not provide his informed consent for Defendant to obtain a copy of his background check"; and (2) "[h]ad Defendant presented Plaintiff with a compliant background check authorization form . . . Plaintiff may very well have elected not to provide authorization to Defendant to obtain his credit report."

(Ex. HH ¶¶ 17–18.) These new allegations implicate Plaintiff's constitutional standing and raise a question of federal law.

22. Therefore, Plaintiff's First Cause of Action asserts a direct claim under the FRCA, over which this Court has original federal question jurisdiction. *See, e.g.*, *Sodano v. Chase Bank USA, NA*, 2012 WL 1552796, at *4 (E.D. Cal. May 1, 2012), *report and recommendation adopted*, 2012 WL 4461075 (E.D. Cal. Sept. 25, 2012).

## SUPPLEMENTAL JURISDICTION

23. Plaintiff's remaining claims under the ICRAA and the CCRAA for failure to make proper disclosures under California law also derive from or otherwise relate to Defendant's alleged acquisition of consumer, investigative consumer, and/or consumer credit reports to conduct background checks on Plaintiff and putative class members he seeks and/or purports to represent in connection with Defendant's hiring processes. Accordingly, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## DIVERSITY JURISDICTION

24. This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), which provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states."

### The Parties' Citizenship

25. Plaintiff alleges that he is a resident of California. (Ex. HH ¶ 2.) Accordingly, Plaintiff is a citizen of the State of California for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (providing that an individual is a citizen of the state in which he or she is domiciled).

26. Defendant is a Nevada corporation with its headquarters and principal place of business in Austin, Texas. (Ex. WW, Decl. of Jennifer Vidkjer ("Vidkjer Decl.") ¶ 3); *see also* Ca. Sec'y of State, *Business Search*, https://bizfileonline.sos.ca.gov/search/business (enter "Tekberry" in box labeled "Search by name or file number," then click "Tekberry Inc. (2756078)" in search results). At its corporate headquarters in Austin, Defendant's officers direct, control and

coordinate its activities, and the majority of its executive and administrative functions are performed there. (Vidkjer Decl. ¶ 4.) Thus, Defendant is a citizen of Nevada and Texas. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1192 (2010) (for purposes of removal, the "principal place of business" is determined by the "nerve center" test whereby an entity is deemed to be a citizen of the State where its officers direct, control and coordinate activities).

27. The Complaint also names "DOES 1-100" as defendants. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Therefore, for purposes of removal with jurisdiction based on 28 U.S.C. § 1332, the citizenship of all of the "Doe" defendants are to be disregarded.

**Amount in Controversy**

28. An action may be removed if the defendant establishes, by a preponderance of the evidence, that the total amount in controversy exceeds $75,000. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972). The defendant's burden of establishing that the amount in controversy exceeds this amount "is not daunting" and does not require the defendant to prove the plaintiff's damages. *See Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *16 (C.D. Cal. May 9, 2011) (internal quotations omitted).

29. In determining whether the amount in controversy exceeds $75,000, the Court must presume that Plaintiff will prevail on all of his claims. *See id.* (citing *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In addition, the Court may look beyond the complaint to determine whether the amount in controversy is met, if necessary. *See Abrego Abrego*, 443 F.3d at 690. The amount in controversy may include compensatory and punitive damages, as well as attorneys' fees that are recoverable by statute. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

30. Here, Plaintiff's Complaint does not seek a specific dollar amount in the prayer for

relief. Instead, Plaintiff generally seeks punitive damages, statutory penalties, attorneys' fees, and costs. (Ex. HH at 16, ¶¶ C–D, F–G.)

31. Considered together, the damages sought by Plaintiff establish by a preponderance of the evidence that the amount in controversy clearly exceeds $75,000.[1]

32. The FCRA allows for at least $100 and up to $1,000 per person in statutory damages, as well as punitive damages, attorney's fees, and costs. 15 U.S.C. § 1681n(a). Further, the ICRAA permits Plaintiff to recover $10,000 in statutory damages, as well as punitive damages, attorney's fees, and costs. Cal. Civ. Code § 1786.50(a)–(b). The CCRAA allows Plaintiff to recover actual damages, as well as punitive damages "not less than [$100] nor more than [$5,000] for each violation." *Id.* § 1785.31(a)(1).

33. Defendant estimates that Plaintiff will seek at least $50,000 in punitive damages and at least $50,000 in attorney's fees and costs. As discussed above, Plaintiff seeks punitive damages for Defendant's alleged willful violations the FCRA, the ICRAA, and the CCRAA. Neither the FCRA nor the ICRAA limit the amount of punitive damages Plaintiff may seek.

34. Further, Plaintiff's fees and costs will almost certainly exceed $75,000. This case has already been extensively litigated in the State Court, and cases involving similar claims to the ones here have resulted in attorney's fees and costs far above $75,000. *See, e.g., Demery v. Securitas Sec. Servs. USA Inc.*, 2022 WL 3133928 (No. 30-2019-01095304) (Cal. Super. Jan. 7, 2022) (approving class settlement and awarding $725,000 in attorney's fees and $19,037 for costs in case alleging inadequate background disclosures, in violation of the FCRA and ICRAA); *Vidkjer v. Loomis Armored US LLC*, 2021 WL 9455172 (18-CV-326826) (Cal. Super. Aug. 6, 2021) (approving class settlement and awarding $616,666.66 for fees and $10,000 for costs in lawsuit alleging violations under the FCRA, ICRAA, and CCRAA for inadequate background check disclosures); *Quiruz v. Specialty Commodities Inc.*, 2020 WL 9213385 (N.D. Cal.

---

[1] The amount in controversy calculations set forth herein are based on the assumption for purposes of removal only that the SAC's allegations are true. Defendant does not admit the conduct alleged in the SAC occurred, that Plaintiff has suffered any damages, or that such liability in fact exists.

November 9, 2020) (ECF No. 109, Case No. 5:17-cv-03300-BLF) (class settlement awarding $460,000 for fees and $15,000 for costs in lawsuit alleging violations under the FCRA, ICRAA, and CCRAA for inadequate background check disclosures); *cf. Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (to establish amount in controversy, "defendant may introduce evidence of jury verdicts in cases involving analogous facts").

35. Plaintiff's counsel's rates lend further support to this prediction. In a recent declaration filed in support of a motion for fees and costs as part of a class settlement, Plaintiff's counsel indicated that Mr. Friedman charges $1,050 per hour, and Mr. Bacon charges $850 per hour. Decl. of Adrian R. Bacon in Supp. of Pl.'s Mot. for Attorney's Fees, Costs and Incentive Award at 26, *S.C. v. Buddi US LLC*, 8:20-CV-01370 (C.D. Cal. Aug. 19, 2024), ECF No. 148-1. To cross the $75,000 threshold, Mr. Bacon alone would only need to bill approximately 89 hours, while Mr. Friedman would only need to bill approximately 72 hours. Given the protracted litigation that has already occurred in the State Court, as well as the complexities of class action litigation generally, Plaintiff's counsel will easily surpass those amounts. Indeed, as Mr. Bacon indicated in his *Buddi* declaration, he alone billed 264.9 hours in that class action, and together, he and Mr. Friedman sought $280,605 in fees. *Id.*

36. In light of these calculations, as well as the statutory and actual damages that Plaintiff seeks, the amount in controversy is likely well in excess of $75,000. Accordingly, in the alternative to the bases for federal and supplemental jurisdiction described above, this Court also possesses diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## **VENUE**

37. As the State Court Action is now pending in Alameda County, California, Defendant is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Northern District of California, without waiver or limitation of its right to seek transfer of this action to another district pursuant to applicable law.

38. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendant of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which

are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.  Further, Defendant expressly reserves its right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law.

WHEREFORE, Defendant respectfully requests that the above-captioned action now pending in the State Court be removed to this United States District Court.

DATED: December 2, 2024                    McGuireWoods LLP

By: _____
Andrew W. Russell
David Szwarcsztejn
Attorneys for Defendant
TEKBERRY, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Alameda, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067.

On December 2, 2024, I served the following document described as **DEFENDANT TEKBERRY, INC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| BIBIYAN LAW GROUP, P.C.<br>David D. Bibiyan<br>Jeffrey D. Klein<br>Brooke W. Waldrop<br>1460 Westwood Blvd.<br>Los Angeles, California 90024<br><br>Attorneys for William John Amato<br>david@tomorrowlaw.com<br>jeff@tomorrowlaw.com<br>brooke@tomorrowlaw.com | LAW OFFICES OF TODD M. FRIEDMAN, P.C.<br>Todd M. Friedman<br>Adrian R. Bacon<br>Matthew R. Snyder<br>21031 Ventura Blvd., Suite 340<br>Woodland Hills, CA 91364<br><br>tfriedman@toddflaw.com<br>abacon@toddflaw.com<br>msnyder@toddflaw.com |

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY ELECTRONIC DELIVERY:** I caused said document(s) to be transmitted electronically to the above addressees. (C.C.P. § 1010.6)

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered the addressee(s). (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 2, 2024, at Los Angeles, CA.

*/s/ Matthew Whitney*
Matthew Whitney