|||
|---|---|
| WILLIAM JOHN AMATO,<br>           Plaintiff,<br>v.<br>TEKBERRY, INC.,<br>           Defendant. | Case No. 24-cv-08637-JST<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: ECF No. 15 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before the Court is Plaintiff William John Amato's motion to remand, ECF No. 15. Because Defendant Tekberry, Inc.'s notice of removal was untimely, Court will grant the motion.

## I.   BACKGROUND

Plaintiff William John Amato brings this putative class action pursuant to the Fair Credit Reporting Act (FCRA),15 U.S.C. § 1681 *et seq.*, and similar state laws. ECF No. 1-1 at 172. He alleges that Defendant Tekberry, Inc. routinely acquires consumer reports to conduct background checks on prospective, current, and former employees and uses information from those reports during the hiring process without providing proper disclosures or obtaining proper authorization as required under FCRA. *Id.* at 179. Amato seeks to represent a class of "all other current, former, or prospective employees" of Tekberry. *Id.* at 173.

The action was first filed in California Superior Court for the County of Alameda on January 16, 2024. ECF No. 1-1 at 4. Amato filed a first amended complaint ("FAC") on May 14, 2024. ECF No. 1-1 at 66–82. On October 21, 2024, the state court entered an order sustaining Tekberry's demurrer to the FAC with leave to amend. ECF No. 1-1 at 160–88. On October 31, 2024, Amato filed his second amended complaint ("SAC") in state court. ECF No. 101 at 172–88.

After the filing of the SAC, on December 2, 2024, Tekberry removed the action to federal

1  court, asserting federal question jurisdiction under 28 U.S.C. § 1331.  *See* ECF No. 1.  Amato
2  moves to remand the case to state court.  ECF No. 15.  Tekberry opposes the motion, ECF No. 18,
3  and Amato filed a reply, ECF No. 19.  Per stipulation of the parties, the Court continued the
4  hearing on the motion to remand from February 20, 2025 to August 21, 2025.  ECF No. 25.  The
5  Court later found the matter suitable for disposition without oral argument and took the matter
6  under submission without a hearing.  ECF No. 31.

## II.  LEGAL STANDARD

"[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by a defendant . . . to [a] federal district court." 28 U.S.C. § 1441(a).

A removing defendant must file the notice of removal "within 30 days after receipt by the defendant . . . of a copy of the initial pleading" or "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §§ 1446(b)(1), (b)(3).  "The 30-day time limit is mandatory and a failure to comply with this requirement 'renders the removal procedurally defective.'" *Navarro v. Apt. Mgmt. Consultants, LLC*, 729 F. Supp. 3d 961, 963 (N.D. Cal. 2024) (quoting *DeMichele v. Loewen, Inc.*, No. C 12-00628 CRB, 2012 WL 1980828, at *3 (N.D. Cal. June 1, 2012)).

If the district court determines that it lacks jurisdiction, the action must be remanded to state court.  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005).  It is the removing defendant's burden to establish the basis for federal court jurisdiction.  *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).

## III.  DISCUSSION

The Court starts by addressing the threshold question of whether Tekberry's removal was timely.  Tekberry filed its notice of removal 30 days after Amato filed his SAC, 197 days after Amato filed his FAC, and 314 days after he filed the original complaint.  ECF No. 1-1 at 4, 66, 172.  Tekberry argues that the action did not become removable until the filing of the SAC because the SAC was the first pleading that sufficiently alleged federal standing and thus the first

over which this Court could exercise jurisdiction. ECF No. 18 at 8–11. The question is whether Tekberry is correct that a defendant has no obligation to file a notice of removal until the operative complaint alleges federal jurisdiction, including standing. While neither party cites a case precisely on point, the Court concludes that Tekberry correctly states the rule.

To begin, as a general matter, the rules contemplate the scenario where a plaintiff's initial pleading does not disclose a basis for federal jurisdiction—and so is not removable—but the case later becomes removable when an amended pleading provides a basis for jurisdiction. In that instance, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Thus, for example, when an initial complaint asserts no federal claims and make no reference to federal law, the time for removal does not commence until an amended complaint raises federal claims. *Mohr v. Murphy Elementary Sch. Dist. 21 of Maricopa Cnty.*, No. CV-10-153-PHX-DGC, 2010 WL 653465, at *1 (D. Ariz. Feb. 19, 2010), *aff'd*, 449 F. App'x 650 (9th Cir. 2011). Similarly, "[w]here the voluntary dismissal or abandonment of a resident defendant creates complete diversity between the parties to state proceedings, the nonresident defendant may remove the case to federal court within thirty days of the dismissal or abandonment." *Schmidt v. Capitol Life Ins. Co.*, 626 F. Supp. 1315, 1318 (N.D. Cal. 1986) (citation omitted).

Applying the reasoning of these cases to standing produces a similar result. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), and therefore must be satisfied before a case can proceed in federal court. It makes sense then that the time for removal does not begin to run until the plaintiff adequately alleges standing, just as with other essential elements of a federal claim. Such a rule is also consistent with principles of good judicial case management: if defendants were obligated to remove to federal court cases in which a plaintiff failed to allege standing, remand for lack of subject matter jurisdiction would be inevitable. *See, e.g., Williams v. Vitas Healthcare Corp. of California*, No. 18-CV-02096-JSW, 2018 WL 7253633, at *4 (N.D. Cal. Aug. 6, 2018) (remanding FCRA case in which the complaint "contain[ed] no facts

3

1  suggesting concrete injury to Williams's rights to information and/or privacy"); *Rotor v. Signature*
2  *Consultants, LLC*, No. 18-CV-07526-JST, 2019 WL 3246535, at *5 (N.D. Cal. July 19, 2019)
3  (remanding FCRA case where the complaint "fail[ed] to identify any harm or risk of harm created
4  by the specific violations asserted").

5        In short, the Court agrees that a defendant has no obligation to file a notice of removal
6  until the operative complaint alleges federal jurisdiction, including standing.  The Court thus
7  considers whether the prior version of the complaint, the FAC, satisfied Article III standing
8  requirements.

9        "[T]he irreducible constitutional minimum of standing contains three elements."  *Lujan*,
10 504 U.S. at 560.  A "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to
11 the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable
12 judicial decision."  *Spokeo, Inc. v. Robins (Spokeo I)*, 578 U.S. 330, 338 (2016).  Because standing
13 is "an indispensable part of the plaintiff's case, each element must be supported. . . with the
14 manner and degree of evidence required at the successive stages of the litigation."  *Lujan*, 504
15 U.S. at 561.  The injury alleged must be both concrete and particularized.  *Spokeo I*, 578 U.S. at
16 334.

17       The Ninth Circuit considered the Article III injury requirement in the context of 15 U.S.C.
18 § 1681b(b)(2)(A) in *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017).  The *Syed* court
19 concluded that § 1681b(b)(2)(A)(i)'s disclosure requirement "creates a right to information by
20 requiring prospective employers to inform job applicants that they intend to procure their
21 consumer reports as part of the employment application process."  *Id.*  Section
22 1681b(b)(2)(A)(ii)'s complementary written authorization requirement established "a right to
23 privacy by enabling applicants to withhold permission to obtain the report from the prospective
24 employer, and a concrete injury when applicants are deprived of their ability to meaningfully
25 authorize the credit check."  *Id.*  Turning to the facts of the case, the Ninth Circuit observed that
26 the plaintiff alleged that he did not discover that his employer procured a consumer report until he
27 later obtained his personnel file.  *Id.*  Accordingly, the *Syed* court reasoned, the plaintiff had
28 implicitly alleged that he "was not aware that he was signing a waiver authorizing the credit check

4

1    when he signed it," thus depriving him of "the right to information and the right to privacy
2    guaranteed by Section 1681b(b)(2)(A)(i)–(ii)." *Id.* The court likewise held that the plaintiff's
3    allegation that he discovered later that the defendant had procured a consumer report about him
4    was sufficient to "infer that Syed was confused by the inclusion of the liability waiver with the
5    disclosure and would not have signed it had it contained a sufficiently clear disclosure," and he
6    had therefore alleged a concrete injury and established Article III standing. *Id.* at 499–500.

7        Here, the FAC alleges that Tekberry's "disclosures did not comply [with the FCRA] as a
8    result of . . . including a liability waiver in the same document as the disclosure before procuring a
9    consumer report." ECF No. 1-1 at 70. It further alleges that Tekberry acquired background
10   checks "without providing proper disclosures and obtaining proper authorization," *id.* at 71, that
11   Tekberry "acquired sensitive personal financial and credit authorization about Plaintiff without
12   having properly informed him of its intent to do so or proper authorization to procure Plaintiff's
13   consumer report," *id.* at 72, and that "Plaintiff felt upset, disturbed, and/or violated upon learning
14   that Defendant had acquired his sensitive personal financial and credit information." *Id.* Just as in
15   *Syed*, here Amato's allegations that Tekberry acquired his information without properly informing
16   him, and that he felt upset and disturbed when he learned of it, support an inference that Amato
17   was not aware of what he was signing and would not have signed the document if it had contained
18   a sufficiently clear disclosure. *See Syed*, 853 F.3d at 499. The FAC thus alleged a concrete injury
19   and established Article III standing, and Tekberry's failure to remove within 30 days of service of
20   the FAC renders its removal untimely.

21       The Court is not persuaded by Tekberry's argument that the state court sustained a
22   demurrer to the FAC based on Amato's failure to sufficiently allege an injury. ECF No. 18 at 7.
23   The state court's decision was based on California state law regarding standing, which differs
24   from federal law. *See Saurman v. Peter's Landing Property Owner, LLC*, 103 Cal.App.5th 1148,
25   1162 (2024) (holding that "[s]tate courts need not impose the same standing or remedial
26   requirements that govern federal-court proceedings" and applying standing rules from *Limon v.*
27   *Circle K Stores, Inc.*, 84 Cal. App. 5th 671 (2022) rather than those from *Syed*, 853 F.3d 492).
28       Having determined that Tekberry's notice of removal is untimely, the Court need not

consider Tekberry's further arguments regarding federal question and diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court grants the motion to remand. The action is hereby remanded to the Superior Court of California for the County of Alameda.

**IT IS SO ORDERED.**

Dated: September 17, 2025



JON S. TIGAR
United States District Judge